# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| HANS HOFER, | * | |
| | * | |
| Petitioner, | * | No. 18-1752V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Meredith Daniels*, Conway Homer, PC, Boston, MA, for petitioner.
*Julia M. Collison*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON PROFFER[1]

On November 12, 2018, Hans Hofer ("petitioner") filed a petition for compensation in the National Vaccine Injury Program. Petition (ECF No. 1). Petitioner alleged that he suffers from brainstem encephalitis as a result of the influenza vaccine he received on December 15, 2015. *Id.* at Preamble. The undersigned issued a Ruling on Entitlement on June 12, 2023, finding that petitioner established entitlement to compensation. Ruling on Entitlement at 32 (ECF No. 58).

On June 5, 2024, respondent filed a Proffer of Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 81). The proffer is attached hereto as Appendix A.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the Ruling will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

**Consistent with the terms in the attached Proffer, I hereby award the following in compensation for all damages available under 42 U.S.C. § 300aa-15(a):**

1) A lump sum payment of **$407,644.28**, representing compensation for life care expenses expected to be incurred during the first year after judgment, lost earnings, pain and suffering, and past unreimbursable expenses, in the form of a check payable to petitioner, Hans Hofer.

2) An amount sufficient to purchase an annuity contract, subject to the conditions described in the proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company from which the annuity will be purchased.

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[2] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HANS HOFER, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) No. 18-1752V ) Special Master Gowen ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 12, 2018, Hans Hofer ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from brainstem encephalitis as a result of receiving the influenza ("flu") vaccine on December 15, 2015. Petition at ¶ 1. On June 12, 2023, Special Master Gowen issued an entitlement decision in favor of petitioner. ECF No. 60. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.   Items of Compensation**

   A.   Life Care Items

Respondent engaged life care planner Linda Curtis RN MS CCM CNLCP, and petitioner engaged Maureen P. Clancy, RN, BSN, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine injury" is as described in the Special Master's June 12, 2023, Ruling on Entitlement. All items of

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's June 12, 2023, ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Hans Hofer, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Hans Hofer has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Hans Hofer's lost earnings is $191,712.00.  Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that petitioner should be awarded $200,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $11,982.81.  Petitioner agrees.

---

[2] The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $407,644.28, representing compensation for life care expenses expected to be incurred during the first year after judgment ($3,949.47), lost earnings ($191,712.00), pain and suffering ($200,000.00), and past unreimbursable expenses ($11,982.81), in the form of a check payable to petitioner, Hans Hofer.

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Hans Hofer, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Hans Hofer, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Hans Hofer's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

4

**III.   Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Hans Hofer:                     $407,644.28

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

s/*Julia M. Collison*
JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0102
Email: Julia.Collison@usdoj.gov

Dated:   June 5, 2024

---

Compensation Program System of Records, No. 09-15-0056.